NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GREYSTONE BANK, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 11-1162 |
| MOHAMED SAMSUDEEN; and NOORUL SAMSUDEEN, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Greystone Bank moves for summary judgment under Federal Rule of Civil Procedure 56(c) against defendants Mohamed Samsudeen and Noorul Samsudeen (collectively "the Samsudeens") on its claims for foreclosure on a commercial mortgage and judgment on the underlying debt. On June 14, 2012, this Court issued a preliminary opinion on the motion for summary judgment finding that the Samsudeens had defaulted on their obligations and that Greystone Bank had a right to foreclose on the property. The Court permitted supplemental briefing pursuant to Federal Rule of Civil Procedure 56(e)(1) on the amount of the outstanding debt and the relief requested. The Court finds that the additional evidence Greystone Bank provided is sufficient to demonstrate that no genuine dispute of material fact remains and that Greystone Bank is entitled to judgment as a matter of law. The motion for summary judgment is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Greystone Bank's claims arise out of a commercial mortgage loan that the Samsudeens used to refinance their earlier debt on a rental property located at 94 Main Street in Woodbridge,

**NOT FOR PUBLICATION**

New Jersey.[1] In October 2008, Greystone Bank initially loaned the Samsudeens the original principal amount of $438,750.00 secured by a mortgage interest in the Woodbridge property. Certif. of Allison W. Berman dated July 13, 2012 ("Berman Supp. Certif.") ¶¶ 2–3, Exs. A–B. In April 2010, after the Samsudeens failed to make required monthly payments, the parties entered into an agreement to amend the terms of the original mortgage loan documents (the "Omnibus Agreement"). Id. ¶ 4, Ex. C. Pursuant to the Omnibus Agreement, the Samsudeens executed and delivered an amended note dated April 1, 2010 for the original principal amount of $438,750.00 (the "Amended Note"). Id. ¶ 5, Ex. D. To account for unpaid interest, the Samsudeens also executed and delivered a supplemental note dated April 1, 2010 in the amount of $16,636.52 with a scheduled maturity date of October 1, 2010 (the "Supplemental Note"). Id. ¶ 6, Ex. E. The parties further signed an amendment modifying the original mortgage to increase the amount secured under both the Amended and Supplemental Notes to $455,386.52 (together the "Amended Mortgage"). Id. ¶ 7, Ex. F.

After the Samsudeens again failed to make required payments, Greystone Bank notified the Samsudeens by letter dated February 10, 2011 of their default under the Amended and Supplemental Notes and formally exercised its right to accelerate the maturity date of the notes. Id. ¶¶ 8–11. On March 1, 2011, Greystone Bank filed the present diversity action seeking judgment on the Amended and Supplemental Notes and foreclosure on the Amended Mortgage. Greystone Bank filed a motion for summary judgment on these claims on February 10, 2012. The Samsudeens filed their opposition to the motion for summary judgment on March 5, 2012.

On June 14, 2012, this Court issued its preliminary opinion on the motion for summary judgment finding on the basis of undisputed facts that the Samsudeens had defaulted on their obligations under the Amended and Supplemental Notes and that Greystone Bank had a right to

---

[1] The Court incorporates by reference the more detailed recitation of the factual and procedural history set out in its earlier opinion on the motion for summary judgment. See Opinion, ECF No. 16, at 1–3.

**NOT FOR PUBLICATION**

foreclose on the property under the Amended Mortgage. Opinion 5–7. The Court also found as a matter of law that the Samsudeens had failed to raise any valid affirmative defense that would render these agreements void or unenforceable based on fraud, equitable estoppel, or violations of New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et seq (the "NJCFA"). Id. at 9–14. Because Greystone Bank did not meet its initial burden to demonstrate that there was no genuine question of material fact as to the amount of the outstanding debt and the other relief sought, the Court allowed the parties an opportunity to submit additional evidence on this limited issue pursuant to Federal Rule of Civil Procedure 56(e)(1). Id. at 7–8. Greystone Bank filed its supplemental submission on July 13, 2012. The Samsudeens did not file any supplemental response. The motion for summary judgment is decided without oral argument in accordance with Federal Rule of Civil Procedure 78(b).

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. Scott v. Harris, 550 U.S. 372, 380 (2007). A dispute as to a material fact is genuine where a rational trier of fact could return a verdict for the non-movant. Id. The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. Beard v. Banks, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. Scott, 550 U.S. at 380 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)). Each party must support its position by "citing to

3

**NOT FOR PUBLICATION**

particular parts of materials in the record . . . or showing that the materials cited do not support the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). At this stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter." Anderson, 477 U.S. at 249. Where there is a genuine dispute as to a material fact, the court must view that fact in the light most favorable to the non-movant. Scott, 550 U.S. at 380.

## DISCUSSION

The scope of this supplemental opinion is limited to the narrow issue of whether the additional materials submitted by Greystone Bank are sufficient at the summary judgment stage to support its claims for relief. In its earlier opinion, the Court allowed Greystone Bank to submit additional evidence as to the amount of the unpaid principal under the Amended and Supplemental Notes, the protective advances, and the attorneys' fees requested. Opinion 8. The Court also permitted Greystone Bank to provide further detail as to the basis for its calculations of prejudgment interest and late fees. Id. The Court finds that the additional evidence Greystone Bank provided is sufficient to demonstrate that there is no genuine question of fact for trial and that summary judgment is appropriate here.

Greystone Bank claims that the Samsudeens owe $448,683.37 in unpaid principal under the Amended and Supplemental Notes. Berman Supp. Certif. ¶ 13. To support this figure, Greystone Bank submits Loan History Statements generated from its books and records that track the application of payments made by the Samsudeens against the unpaid principal and accrued interest. Id. ¶15, Ex. G. Reflecting payments by the Samsudeens through November 2010, these statements indicate that the total unpaid principal amount at the time of default was $432,046.85 on the Amended Note and $16,636.52 on the Supplemental Note. Id. Ex. G.

**NOT FOR PUBLICATION**

Greystone Bank also seeks the prejudgment interest that has accrued on the unpaid principal on the Amended and Supplemental Notes. Id. ¶ 15. Under the Amended Note, the contractual rate for interest accruing on the unpaid principal is based on an adjustable fixed rate that was set at 7.625% per annum for the period from November 1, 2010 through November 1, 2011. Id. ¶ 15, Ex. D. The Supplemental Note provides for a contract rate based on a "fixed rate equal to six percent (6%) per annum." Id. Ex. E, at 1. Although the certification suggests that the contractual rate under the Supplemental Note was also 7.625% per annum, id. ¶ 15, the amount of interest noted in the supporting Reconciliation Statement as accruing on the Supplemental Note is consistent with a fixed rate of 6% per annum, id. Ex. H. Upon an event of default, both the Amended and Supplemental Notes provide that interest on the unpaid principal accrues at a default rate to be calculated as the ordinary contract rate at the time of default plus an additional 5.0% per annum. Id. Exs. D–E. Consequently, as reflected in the Reconciliation Statement, prejudgment interest on the Amended Note has accrued by $4,545.50 per month since the Samsudeens' default. This amount consists of $2,745.30 in interest under the contract rate and an additional $1,800.20 under the default rate. Id. Ex. H, at 1. Prejudgment interest on the Supplemental Note has accrued by $152.50 per month, consisting of $83.18 under the contract rate and an additional $69.32 under the default rate. Id. Ex. H, at 2. It follows that total prejudgment interest of $93,960.00 has accrued during the 20-month period from December 1, 2010 through July 31, 2012.[2]

In addition to prejudgment interest, Greystone Bank claims unpaid late fees of $482.45 on payments due before Greystone Bank accelerated the maturity date of the unpaid debt in February 2011. Id. ¶ 16. Under the terms of the Amended and Supplemental Notes, the

---

[2] The total prejudgment interest through July 10, 2012 requested in Greystone Bank's supplemental submission incorrectly restates the accumulated pre-judgment interest as of February 1, 2012 when the motion for summary judgment was initially filed. Berman Supp. Certif. ¶ 15. See Mot. for Summ. J. 5. Based on the supporting materials submitted, the Court independently calculates the total prejudgment interest that has accrued as of July 31, 2012.

**NOT FOR PUBLICATION**

Samsudeens agreed to pay a late fee of 5% on each monthly payment overdue by more than 15 days. Id. Exs. D–E. Greystone Bank demonstrates that the Samsudeens incurred late fees of $465.81 under the Amended Note based on three missed payments and late fees of $16.64 under the Supplemental Note based on four missed payments. Id. ¶ 16. These fees are supported by the Reconciliation Statement. Id. Ex H. Greystone Bank also requests payment of a $25 insufficient funds fee reflected in the Reconciliation Statement. Id. ¶ 19, Ex H.

Greystone Bank further seeks to recover $20,950.85 in protective advances made for taxes and insurance on the mortgaged property. Id. ¶ 17. Greystone Bank reserved its right to pay these expenses under the Amended Mortgage and asserts that it exercised this right based on the Samsudeens' failure to make required payments. Id. ¶ 17, Ex. F. These expenses are supported by an internal spreadsheet documenting the amount of these advances as part of service charges on the Samsudeens' account. Id. ¶ 18, Ex. J.

Finally, Greystone Bank requests attorneys' fees and litigation costs of $31,926.06. Id. ¶ 15. The Amended Mortgage and the Amended and Supplemental Notes provide for recovery of reasonable attorneys' fees and costs. Id. ¶ 15, Exs. A, D–E. Contract clauses allocating reasonable attorneys' fees are enforceable under New Jersey law. See North Bergen Rex Transp. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999). Federal Rule of Civil Procedure 54 further provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The amount of the fees and costs is documented by itemized invoices provided by Greystone Bank's counsel Greenberg Traurig. Berman Supp. Certif. Ex. I.

Greystone Bank's supplemental submission is sufficient to demonstrate that summary judgment awarding the requested relief is appropriate. Greystone Bank supports its claim with a sworn affidavit citing documents kept in the regular course of business that are sufficient to meet its initial burden to show that there is no genuine dispute of material fact. The documents

**NOT FOR PUBLICATION**

adequately demonstrate the payments made by the Samsudeens under the Amended and Supplemental Notes and the resulting amount of the unpaid principal, prejudgment interest, late payment and insufficient funds fees, and protective advances. The itemized invoices provided by Greystone Bank's attorneys provide sufficient basis for attorneys' fees and costs generated during the litigation process. The Samsudeens do not challenge the accuracy of Greystone Bank's supplemental submission or provide contradictory evidence to suggest any question of material fact as to the amount or timing of the Samsudeens' payments or the accuracy or reasonableness of the relief requested.

## CONCLUSION

Plaintiff Greystone Bank's motion for summary judgment is granted because there is no genuine question of fact remaining for trial. In its earlier Opinion dated June 14, 2012, this Court found as a matter of law on the basis of undisputed facts that the Samsudeens had defaulted on their obligations under the Amended and Supplemental Notes and that Greystone Bank had a right to foreclose on the property under the Amended Mortgage. The Court further finds here that the additional evidence Greystone Bank provided is sufficient to demonstrate the amount of the outstanding debt and support the relief requested. The Court will enter final judgment against Noorul Samsudeen and Mohamed Samsudeen, jointly and severally, in the amount of $596,027.73 as of July 31, 2012. This amount consists of $448,683.37 in unpaid principal, $93,960.00 in accrued prejudgment interest, $20,950.85 for protective advances, $507.45 for late payment and insufficient funds fees, and $31,926.06 for attorneys' fees and costs.

August 1, 2012

/s/ **William H. Walls**

United States Senior District Judge